**Jerry SHELTON, Plaintiff-Appellee,**

v.

**M.P. ERVIN and Betty Ervin, d/b/a Ervin's Liquor Store, Defendants-Appellants.**

No. 86–8859
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 20, 1987.

---

James E. Carter, Carter & Butt, Eugene D. Butt, Madison, Ga., for defendants-appellants.

Joseph C. Nelson, III, Nelson & Sweat, P.A., Athens, Ga., for plaintiff-appellee.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

HATCHETT, Circuit Judge:

We dismiss this Fair Labor Standards Act (FLSA) case because we hold that the award of attorney fees in such cases is an integral part of the merits of the case, and a judgment is not final in such cases until the attorney fees issue is determined.

## FACTS

M.P. and Betty Ervin are joint proprietors of two retail liquor stores in Georgia, one in Madison and the other in Rutledge, approximately ten miles apart. The Ervins employed Jerry Shelton at the Rutledge store on a full time basis from some date prior to January 1, 1980, until September of 1980, and again, from March of 1981 until June 1, 1982.

On December 20, 1982, Shelton filed this lawsuit in the District Court for the Middle District of Georgia under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) (1986), seeking unpaid overtime compensation for all hours worked in excess of forty hours per week during the periods in which he was employed by the Ervins.[1]

On October 29, 1986, the district court entered judgment for Shelton for $13,-077.26 and granted him leave to petition for attorney's fees and costs within thirty days, 646 F.Supp. 1011. On November 21, 1986, prior to the filing of a motion for attorney's fees, the Ervins filed a notice of appeal. Thereafter, Shelton, on November 26, 1986, filed a motion for award of costs, expenses, and attorney's fees. On December 16, 1986, the court taxed against the Ervins costs in the amount of $344.85. From the record, however, no indication exists that the district court has rendered a decision regarding Shelton's request for attorney's fees.

## DISCUSSION

Both parties contend that in FLSA cases, an award of attorney's fees is collateral to the merits and therefore vests this court with jurisdiction to entertain an appeal prior to the district court's ruling on attorney's fees. We must decide whether in such cases an award of attorney's fees is "similar to application for costs, [citation omitted] a part of the relief sought, [citation omitted] or a collateral or independent claim that is neither a part of the relief sought or costs." *Holmes v. J. Ray McDermott & Co., Inc.*, 682 F.2d 1143, 1146 (5th Cir.1982). "When attorney fees are similar to costs, ... or collateral to an action ..., a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, attorney fees are an integral part of the merits of the case and the scope of relief, the attorney fees issue cannot be characterized as costs, or as collateral, and their determination is a part of any final appealable judgment." *McQurter v. City of Atlanta*, 724 F.2d 881, 882 (11th Cir.1984) (quoting *Holmes*, 682 F.2d at 1146).

Neither party has cited controlling authority on whether an award of attorney's fees under section 216(b) is collateral to or an integral part of the merits of this case. Both parties contend that the purpose of the attorney's fee provision in 29 U.S.C. § 216(b) is comparable to that in 42 U.S.C. § 1988—to encourage and enable the enforcement of the statute. Section 1988 of Title 42 provides that "the court, *in its discretion* may allow the prevailing party, other than the United States, a reasonable

---

1. The Ervins filed a counter claim based on state law theories alleging tortious conduct by Shelton. Specifically, the Ervins alleged that Shelton fired numerous gunshots inside the Rutledge store causing property damage as well as unlawfully converting property to his own use.

The district court declined to exercise pendent jurisdiction over the counter claim, noting that the Ervins had obtained a judgment against Shelton in the Small Claims Court of Morgan County, Georgia, and that the case was on appeal to the Superior Court of Morgan County.

attorney's fee *as part of costs.*" (Emphasis added.)  Section 216(b) of Title 29 states that the court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, *and costs* of the action."  (Emphasis added.)

We find that the language of the two statutes differs significantly regarding the award of attorney fees.  Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.  In consideration of the language of section 216(b) and its underlying purpose, we hold that attorney fees are an integral part of the merits of FLSA cases and part of the relief sought therein.  Thus, a final determination as to the award of attorney fees is required as part of the final appealable judgment.

Accordingly, this action is dismissed for lack of jurisdiction.

DISMISSED.