[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10848
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00052-CV-T-30-MAP

CHRISTINE SAHYERS,
on behalf of herself and others similarly
situated,

Plaintiff-Appellant-
Cross-Appellee,

versus

PRUGH, HOLLIDAY & KARATINOS, P.L.,
a Florida Limited Liability Corporation,
TIMOTHY F. PRUGH,
JAMES W. HOLLIDAY, II,

Defendants-Appellees,

THEODORE E. KARATINOS,

Defendant-Appellee-
Cross-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(March 3, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT, Circuit Judge, and RYSKAMP,[*] District Judge.

EDMONDSON, Chief Judge:

This appeal is about the power of a district court to supervise the work of the lawyers who practice before it. Christine Sahyers (Plaintiff) appeals a district court order denying her request for attorney's fees and costs in her lawsuit under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19. We affirm the order.

Background

Plaintiff worked as a paralegal at the law firm Prugh, Holliday & Karatinos, P.L. After she left the firm, she retained her own lawyer. Then she sued Prugh, Holliday & Karatinos, P.L. and its named partners (Defendants) for alleged violations of the overtime provisions of the FLSA; she claimed that she was not paid appropriately -- at a rate at least 1.5 times her straight-time rate -- for hours worked in excess of 40 per workweek. Before filing the suit, Plaintiff made no written demand for payment on Defendants; and her lawyer -- before filing the complaint -- made no attempt to inform Defendants of her claim or to collect any

[*]Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of Florida, sitting by designation.

of the allegedly outstanding sums from them. Plaintiff had instructed her lawyer just to file suit, which he did. Defendants timely answered the complaint and denied all liability.

The complaint set forth only a generic request for damages: no specific dollar amount was demanded. So Defendants served discovery on Plaintiff that asked her to disclose the total number of overtime hours she allegedly worked without sufficient pay and all evidence supporting that calculation. Plaintiff, however, objected to those requests and repeated that she worked in excess of 40 hours per workweek and wanted payment for it. Defendants also engaged in settlement discussions. But those talks proved unhelpful, as Plaintiff asked for significant money damages[1] without offering proof of the amount Defendants actually owed to her.

Sometime after discovery closed, Defendants tendered an offer of judgment under Federal Rule of Civil Procedure 68 for $3,500 plus any attorney's fees and costs to which the district court determined Plaintiff was entitled. Defendants denied all liability in the Rule 68 offer.[2] Plaintiff accepted the Rule 68 offer. The

---

[1]The parties dispute the amount of Plaintiff's lowest settlement demand. Defendants contend that it was $35,000, while Plaintiff believes it was around $25,000. In either case, the demand was far in excess of the final settlement amount.

[2]The Rule 68 offer contained this language: "This Offer does not in any way act as an admission of liability or wrongdoing on the part of the Defendants. Likewise, the Plaintiff's acceptance of this Offer does not in any way act as an admission of liability or wrongdoing on

3

district court entered judgment in favor of Plaintiff and afforded her an opportunity to file a motion for attorney's fees and costs.

Plaintiff, through her lawyer, timely moved for her litigation expenses. She asked the district court to award her $13,800 in attorney's fees and $1,840.70 in costs. Defendants objected.

On its own initiative, the district court scheduled oral argument on the issue. At that hearing, the district court asked Plaintiff's lawyer, among other things, to respond to Defendants' contention that he afforded Defendants no notice of Plaintiff's claim before filing suit. Plaintiff's lawyer admitted that the allegation was true. The lawyer's sole explanation was that he was only following the instructions of his client. After reviewing the parties' briefs and hearing oral argument (allowing the district court to interrogate Plaintiff's lawyer and to observe his demeanor), the district court concluded that Plaintiff had prevailed in the civil action. But the district court denied attorney's fees and costs. The district court wrote that "there are some cases in which a reasonable fee is no fee" and found that this case was such a case. This appeal followed.

## Standard of Review

---

the part of the Defendants."

We review the issuance of sanctions and the denial of a request for attorney's fees and costs for abuse of discretion. Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1326 (11th Cir. 2004); Johnson v. Florida, 348 F.3d 1334, 1350 (11th Cir. 2003).

Discussion

In general, a prevailing FLSA plaintiff is entitled to an award of some reasonable attorney's fees and costs. 29 U.S.C. § 216(b); Dale v. Comcast Corp., 498 F.3d 1216, 1223 n.12 (11th Cir. 2007); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). But the district court treated this case as an exception to that rule by finding that a reasonable fee and cost award here was zero. The district court, in substance, based this exception on its inherent powers to supervise the conduct of the lawyers who come before it and to keep in proper condition the legal community of which the courts are a leading part. Plaintiff criticizes this decision as an abuse of discretion. We disagree.[3]

That federal courts are accorded certain inherent powers is well-established.

_____

[3]We will assume for the sake of discussion that Plaintiff is a prevailing party.

5

Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2132 (1991). Those powers are not governed by rule or by statute, "but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 82 S. Ct. 1386, 1389 (1962). Because of the potency of those powers, they must be "exercised with restraint and discretion." Chambers, 111 S. Ct. at 2132.

A federal court may wield its inherent powers over the lawyers who practice before it. This control derives from a lawyer's role as an officer of the court.[4] Theard v. United States, 77 S. Ct. 1274, 1276 (1957). It encompasses, among other things, the authority to police lawyer conduct and to guard and to promote civility and collegiality among the members of its bar.[5] See, e.g., Chambers, 111 S. Ct. at 2132 ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it."); In re Finkelstein, 901 F.2d 1560, 1564 (11th Cir. 1990); (court has power to supervise professional conduct of

---

[4]As Justice Cardozo (then-Chief Judge of the New York Court of Appeals) once observed: "Membership in the bar is a privilege burdened with conditions. [A lawyer is] received into that ancient fellowship for something more than private gain. He [becomes] an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice." People ex rel. Karlin v. Culkin, 248 N.Y. 465, 470–71 (1928).

[5]We believe and defend the idea that maintaining a bar that promotes civility and collegiality is in the public interest and greatly advances judicial efficiency: better "to secure the just, speedy and inexpensive determination of every action and proceeding," as Rule 1 demands. For background, see Fed. R. Civ. P. 1.

lawyers who practice before it).

In exercising its powers, a court need not free a client from the acts of his lawyer, especially when the client is aware of or directs those acts. See Jochum v. Schmidt, 570 F.2d 1229, 1232 n.5 (5th Cir. 1978) ("[F]ailing to impose sanctions [] merely because the plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer on the defendant.") (internal quotation marks omitted); Anderson v. United Parcel Serv., 915 F.2d 313, 316 (7th Cir. 1990) ("There is no injustice in holding a client responsible for acts of his attorney of which he is aware."). A court, therefore, may deny an award of litigation expenses to which a client is otherwise entitled. See Litton Sys., Inc. v. Am. Tel. & Tel. Co., 700 F.2d 785, 827–28 (2d Cir. 1983).

The district court's inherent powers support its decision here.[6] Defendants are lawyers and their law firm. And the lawyer for Plaintiff made absolutely no effort -- no phone call; no email; no letter -- to inform them of Plaintiff's impending claim much less to resolve this dispute before filing suit. Plaintiff's lawyer slavishly followed his client's instructions and -- without a word to

---

[6]Congress was aware of the inherent powers of a federal court when enacting the FLSA. Miles v. Apex Marine Corp., 111 S. Ct. 317, 325 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). And at least in the absence of very clear words from Congress, we do not presume that a statute supersedes the customary powers of a court to govern the practice of lawyers in litigation before it.

7

Defendants in advance -- just sued his fellow lawyers.[7]  As the district court saw it, this conscious disregard for lawyer-to-lawyer collegiality and civility caused (among other things) the judiciary to waste significant time and resources on unnecessary litigation and stood in stark contrast to the behavior expected of an officer of the court.[8]  The district court refused to reward -- and thereby to encourage -- uncivil conduct by awarding Plaintiff attorney's fees or costs.  Given the district court's power of oversight for the bar, we cannot say that this decision was outside of the bounds of the district court's discretion.[9]

---

[7]This explanation counts for little: a lawyer's duties as a member of the bar    -- an officer of the court -- are generally greater than a lawyer's duties to the client.  See Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1546 (11th Cir. 1993) ("An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly. This concept is as old as common law jurisprudence itself."); Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1327 (11th Cir. 2002) ("Independent judgment is an essential ingredient of good lawyering, since attorneys have duties not only to their clients, but also, as officers of the court, to the system of justice as a whole.") (internal quotation marks omitted).  Plaintiff's lawyer showed little concern for the district court's time and energy and no courtesy to his fellow lawyers.

[8]The customs of professional courtesy were important to the district court.  In its written order, the district court used these words: "This Court is not ruling that a pre-suit letter is always required, but in this case, the Plaintiff's lawyer did not even make a phone call to try to resolve the issue before filing suit.  The Defendant is a law firm.  Prior to filing suit in this local area, it is still reasonable to pick up the phone and call another lawyer so it won't be necessary to file suit.  The defense proffered by Plaintiff's lawyer for not doing so is that his client instructed him to file suit first and ask questions later. . . . [T]he Court reminds him that the lawyer is the officer of the Court, not the client.  This [C]ourt will not permit lawyers to file unnecessary litigation and palm it off on their clients."

[9]We have said that a court may not sanction a lawyer under its inherent powers absent a showing "that the lawyer's conduct constituted or was tantamount to bad faith."  Thomas, 293 F.3d at 1320 (internal quotation marks omitted).  We have assumed that awarding no attorney's fees and costs constitutes some informal sanction.  Nevertheless, even if bad faith is required, we conclude that the conscious indifference to lawyer-to-lawyer collegiality and civility exhibited

8

We strongly caution against inferring too much from our decision today. These kinds of decisions are fact-intensive. We put aside cases in which lawyers are not parties. We do not say that pre-suit notice is usually required or even often required under the FLSA to receive an award of attorney's fees or costs. Nor do we now recommend that courts use their inherent powers to deny prevailing parties attorney's fees or costs. We declare no judicial duty. We create no presumptions. We conclude only that the district court did not abuse its discretion in declining to award some attorney's fees and costs based on the facts of this case.

<u>Conclusion</u>

We affirm the order of the district court.

AFFIRMED.

---

by Plaintiff's lawyer (per his client's request) amounted to harassing Defendants' lawyers by causing them unnecessary trouble and expense and satisfied the bad-faith standard.