WILSON, Circuit Judge,
dissenting:
The Court affirms a decision by a district court that denies a prevailing plaintiffs lawyer his entitlement to an attorney’s fee under the Fair Labor Standards Act (“FLSA”) on account of his failure to give the defendant, a lawyer, advance notice of the lawsuit. I am concerned about the precedent this case sets. First, an award of attorneys’ fees to a prevailing party is mandatory under the FLSA. Second, I have found no authority that requires plaintiffs counsel to provide presuit notice when another lawyer is the defendant. Although well-intentioned, I doubt that the federal courts have the inherent authority to ignore and override a statutory mandate in the interest of promoting a professional courtesy. I also do not believe that Congress intended to single out lawyers for exclusive treatment under the FLSA. Since it is now within the inherent authority and discretion of the district courts in our Circuit to hold that no attorney’s fee is a reasonable fee when no pre-suit notice is extended to defendants who are lawyers, I would consider this case en banc before permitting this new Circuit precedent to stand.
The facts are these. Plaintiff Christine Sahyers worked as a paralegal for the defendant law firm Prugh, Holliday & Karatinos, P.L. On January 9, 2007, Sahyers filed a lawsuit against her former employer and its three owners and principals, Timothy F. Prugh, James W. Holliday, II, and Theodore Karatinos (collectively the “defendants”), pursuant to the FLSA to recover unpaid overtime compensation. The defendants filed an answer, denying liability. The case proceeded to discovery, and less than one month after a failed court-ordered mediation, the plaintiff accepted an offer of judgment pursuant to Federal Rule of Civil Procedure 68. The next day, the district court entered final judgment against the defendants in the amount of $3,500.
Thereafter, the plaintiff filed a motion for attorneys’ fees and expenses, in which she sought $15,640.70, comprised of $13,800 in attorneys’ fees and $1,840.70 in costs. The district court determined that the plaintiff was a prevailing party under the FLSA. However, recognizing that the FLSA provides for a mandatory award of reasonable attorneys’ fees, the district court was persuaded to conclude that this case presented “special circumstances” and decided that “a reasonable fee is no fee.” Sahyers v. Prugh, Holliday & Karatinos, P.L., No. 8:07-cv-52-T-30MAP, slip op. at 3 (M.D.Fla. Feb. 1, 2008) (“District Court Order”).
*893 The district court found that the plaintiff subjected the defendants to “unnecessary litigation” and refused to reward such behavior because at no time prior to filing the lawsuit did the plaintiff or the plaintiffs attorney make a written demand for payment of the overtime compensation. Id. at 3-5. Further, the district court stressed that the plaintiffs attorney should have notified the defendant law firm, because prior to filing suit in the Middle District of Florida, “it is still reasonable to pick up the phone and call another lawyer so it won’t be necessary to file suit.” Id. at 4. The district court dismissed the plaintiffs counsel’s claim that his client did not want him to make a pre-suit demand, “remind[ing] [plaintiffs counsel] that the lawyer is the officer of the Court, not the client.” Id. at 5. The plaintiff appealed the denial of attorneys’ fees and costs, and defendant Karatinos cross-appealed the district court’s determination that the plaintiff was a prevailing party.
With the benefit of oral argument, the Sahyers opinion affirmed. The Sahyers opinion framed the issue in this way: “This appeal is about the power of a district court to supervise the work of the lawyers who practice before it.” Sahyers v. Prugh, Holliday & Karatinos, P.L., 560 F.3d 1241, 1243 (11th Cir.2009). The Sahyers opinion construed the District Court Order as creating an “exception” to the FLSA’s mandatory fee statute based on the district court’s “inherent powers to supervise the conduct of the lawyers who come before it and to keep in proper condition the legal community of which the courts are a leading part.” Id. at 1244. It explained that “at least in the absence of very clear words from Congress, we do not presume that a statute supersedes the customary powers of a court to govern the practice of lawyers in litigation before it.” Id. at 1245 n. 6. I disagree — well-settled Supreme Court precedent rejects the Sahyers opinion’s “very clear words” standard.
“In the exercise of its supervisory authority, a federal court ‘may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress.’ ” Bank of Nova Scotia v. United States, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (quoting United States v. Hasting, 461 U.S. 499, 505, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983)) (emphasis added). One of those limits on a federal court is when Congress has spoken: “[e]ven a sensible and efficient use of [a count’s] supervisory power, however, is invalid if it conflicts with constitutional or statutory provisions.” Thomas v. Arn, 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). “A contrary result ‘would confer on the judiciary discretionary power to disregard the considered limitations of the law it is charged with enforcing.’ ” Id. (quoting United States v. Payner, 447 U.S. 727, 737, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980)). Applied here, the Sahyers opinion’s denial of attorneys’ fees and costs as an exercise of its supervisory authority over the practice of lawyers conflicts with the plain language of the FLSA.
The FLSA is a mandatory fee statute, and we have not recognized any exception to it. “The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action.” 29 U.S.C. § 216(b) (emphasis added). The Supreme Court, our Circuit, and our sister circuits have consistently interpreted § 216(b) as mandatory.[1] We have gone so far as to *894 declare expressly that “[prevailing plaintiffs are automatically entitled to attorneys’ fees and costs under the FLSA.” Dale v. Comcast Corp., 498 F.3d 1216, 1223 n. 12 (11th Cir.2007) (emphasis added).
In a perfect world, a lawyer who files a lawsuit against another lawyer would first attempt to resolve the matter outside the courthouse. Such a practice is both sensible and efficient. However, a procedural rule that in effect mandates pre-suit notice is invalid if it conflicts with a statutory provision. The Court’s opinion in effect reads a requirement of pre-suit notice into § 216(b) of the FLSA, at least where a law firm or lawyer is a defendant, thereby “conferfring] on [itself] discretionary power to disregard the considered limitations of the law it is charged with enforcing.” Arn, 474 U.S. at 148, 106 S.Ct. 466 (quoting Payner, 447 U.S. at 737, 100 S.Ct. 2439). Although a legislature can make pre-suit notice mandatory when it chooses, that circumstance does not apply here. See, e.g., Fla. Stat. § 766.106(2)(a) (providing that “prior to filing a complaint for medical negligence, a claimant shall notify each prospective defendant”). While it is desirable to encourage lawyer collegiality and to discourage unnecessary litigation, I do not believe that we can rewrite a statute to conform with certain policy preferences. See Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.2008) (“The Supreme Court has advised that whatever merits ... policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them.”) (quotation marks, alteration, and citation omitted). The Sahyers opinion provides binding precedent for a district court to ignore a clear Congressional mandate from a federal statute based on its “inherent powers.” Such precedent oversteps the boundaries of our proper duty as neutral arbiters and obviates the role of Congress. My discussion could end here, as the plaintiff was the prevailing party, and the FLSA’s plain language is controlling.
Moreover, I also disagree with the Court’s statement that “a lawyer’s duties as a member of the bar — -an officer of the court — are generally greater than a lawyer’s duties to the client.” Sahyers, 560 F.3d at 1245 n. 7. It bears repeating that the Sahyers opinion failed to cite any statute, rule, local rule, or case from this *895 Circuit, the Middle District of Florida, or elsewhere that even arguably imposes a duty on an attorney to contact prospective opposing counsel where that counsel represents a law firm or a lawyer. I can find no rule of professional responsibility that would place Sahyers’ lawyer on notice that it is a breach of professional or ethical responsibility to file a lawsuit against a fellow lawyer without the courtesy of advance notice. Honorable though it may be, providing a lawyer-defendant with presuit notice in FLSA cases is neither a requirement, nor a breach of a lawyer’s ethical responsibility.
I recognize that the appropriate balance between duty to a client and duty of candor to the court is certainly a difficult one to strike. In certain circumstances, a lawyer’s duty to the court is “greater” than his or her duty to a client. However, while counsel owes a duty to the court, context matters. The plaintiff did not instruct her counsel to commit a crime, to perpetrate a fraud upon the court, or to file a frivolous lawsuit. Rather, the plaintiff merely instructed her counsel to file a lawsuit, which — considering the fact that defendants filed an answer as opposed to a motion to dismiss and ultimately offered judgment — appeared to have, at least, some merit. In fact, the Model Code of Professional Responsibility appears to require exactly what the plaintiffs counsel did — follow his client’s instructions: “[T]he lawyer should always remember that the decision whether to forego legally available objectives or methods because of non-legal factors is ultimately for the client and not for himself.” Model Code of Profl Responsibility EC 7-8 (1983); see also id. at EC 7-7 (providing that, except in areas of legal representation not affecting the merits of the cause or substantially prejudicing the rights of a client, “the authority to make decisions is exclusively that of the client and, if made within the framework of the law, such decisions are binding on his lawyer”) (emphasis added). Hence, not only is there no rule requiring plaintiffs counsel to give pre-suit notice to his fellow lawyers, plaintiffs counsel had an ethical duty to follow his client’s instructions. In applying the Sahyers opinion’s reasoning, however, a plaintiffs lawyer must ignore a client’s explicit instruction to file an arguably meritorious lawsuit and must first give “word” by way of a phone call, e-mail, or letter before “su[ing] his fellow lawyers.” This rule should not be the law.
The Sahyers opinion equated the conduct of the plaintiffs counsel to bad faith: “the conscious indifference to lawyer-to-lawyer collegiality and civility exhibited by Plaintiffs lawyer (per his client’s request) amounted to harassing Defendants’ lawyers by causing them unnecessary trouble and expense and satisfied the bad-faith standard.” 560 F.3d at 1246 n. 9. It relies on Litton Systems, Inc. v. American Telephone & Telegraph Co., 700 F.2d 785 (2d Cir.1983), stating that “[a] court ... may deny an award of litigation expenses to which a client is otherwise entitled.” Sahyers, 560 F.3d at 1245. As a threshold matter, Litton Systems, a Second Circuit opinion, is not binding precedent in this Circuit; it is merely persuasive authority. Additionally, Litton Systems does not stand for that broad proposition, and, even if it did, the facts of Litton Systems are so far removed from Sahyers that the former sheds no light on the latter. The Litton court merely affirmed a sanction pursuant to Federal Rule of Civil Procedure 37 finding “gross negligence” and “willful misconduct.” Here, the district court did not impose any sanction and did not invoke Rule 37. Instead, it carved out a “special circumstances” exception to the FLSA. See District Court Order at 3. The only reason relied upon by the district court to award Sahyers “nothing” as an attorney’s *896 fee was the failure to extend the professional courtesy of pre-suit notice to a law firm. This conduct does not amount to bad faith.
Finally, I am troubled by the implication that lawyers are entitled to exclusive treatment under the FLSA. Although the Sahyers opinion states that it does not intend to create a new rule of pre-suit notice in FLSA cases where the defendant is a law firm or a lawyer, such language will surely fall on deaf ears in this Circuit (as it should) in light of the fact that Sahyers is a published opinion, which makes it binding precedent in this Circuit. See I.O.P. 2 to Fed. R.App. P. 36 (“Under the law of this circuit, published opinions are binding precedent.”). Section 216(b) pays no attention to the occupation of the defendants. Neither should we. The Sahyers opinion has unintentionally created a new rule that a plaintiffs failure to give presuit notice to a lawyer-defendant in an FLSA case may forfeit the plaintiffs otherwise statutory right to attorneys’ fees and costs. Courts within this Circuit will rely on Sahyers and will interpret it as creating a discretionary exception to a mandatory fee statute. In point of fact, courts both within this Circuit and outside of this Circuit have already followed suit, recognizing, but not yet applying, the proposition that no fee can be a reasonable fee under the FLSA when a plaintiff fails to give pre-suit notice to a lawyer-defendant. See Roldan v. Pure Air Solutions, Inc., S.D. Fla.2010, 2010 WL 410571, at *3 (No. 07-22203-Civ, Jan. 29, 2010) (citing Sahyers and commenting that “whether or not such an outcome [of no fee as a reasonable fee] amounts to judicial policy-making in the face of clear statutory language, we are bound by it”).[2]
Moreover, there is no indication in the record that plaintiffs counsel filed this lawsuit in an attempt to “shake down” the defendants for attorneys’ fees and costs. The case settled after discovery ended, and the defendants made an offer of judgment only after they had the opportunity to look at the evidence. Any determination that the case would have settled if plaintiffs counsel sent a pre-suit notice to the defendants (based on the record as it appears before us) is pure speculation. In other words, pre-suit notice may not have made a difference. Moreover, at the motion hearing before the district court, Sahyers’ counsel asserted that (1) Sahyers herself made a demand on the law firm prior to litigation, and (2) he lacked the records necessary to make a pre-suit demand before filing the lawsuit. Tr. of Jan. 24, 2008 Mot. Hr’g at 21:19-23 (arguing that had the defendants deposed Sahyers, “she would have testified that she did ask for her money”); id. at 22:12-18 (arguing that *897 “[plaintiffs counsel] did not have access to [Sahyers’] time records”).
While counsel’s arguments are not evidence, an evidentiary hearing would prove or disprove these assertions. The district court made no specific factual findings based on any evidence regarding, for example, bad faith on behalf of the plaintiff or the necessity of the litigation. The Sahyers opinion relied solely on plaintiffs counsel’s failure to give pre-suit notice. Since we have held that “an inquiry into a party’s bad faith is best conducted by the district court,” Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1438 (11th Cir.1998), I would at least have remanded this case back to the district court for an evidentiary hearing with instructions to engage in the lodestar analysis.
A district court retains the discretion to determine or to set a reasonable attorney’s fee under the FLSA, but the district courts, in my view, lack the discretion to deny all fees and costs by way of a “special circumstances” exception to promote collegiality. I agree completely with the efforts of the distinguished district judge to seek to promote professionalism and civility in the practice of law. It is an important component of judicial administration. I also agree that this Court was well-intentioned in deferring to the district court’s discretion; however, I fear that we went too far. My primary concern is with the precedent this case now creates: It is now within the discretion of district courts in our Circuit to deny attorney’s fees to lawyers who fail to extend professional courtesies to lawyer-defendants in FLSA and (presumably other) civil rights cases. This new law will undoubtedly discourage public interest lawyers from taking these cases. Although the plaintiff prevailed in her FLSA claim, her lawyer was unable to recover any fees or his client’s costs as mandated by Congress. I would prefer that the full Court consider this appeal before creating this new precedent.

. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415 & n. 5, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (referring to § 216(b) of the FLSA as one of the “statutes [that] make fee awards mandatory for prevailing plaintiffs”); Singer v. City of Waco, 324 F.3d 813, *894 829 n. 10 (5th Cir.2003) ("The FLSA requires an employer who violates the statute to pay attorney's fees.''); Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 406 (7th Cir.1999) ("While the award of fees [under the FLSA] is mandatory, the district court has 'wide latitude' in determining the amount of the fee.”) (citation omitted); Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir.1994) ("An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge.”) (citation omitted); Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir.1987) (“Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.”) (emphasis added); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir.1985) ("Section 216(b) of the Act makes fee awards mandatory for prevailing plaintiffs.”); Burnley v. Short, 730 F.2d 136, 141 (4th Cir.1984) ("The payment of attorney's fees to employees prevailing in FLSA cases is mandatory. The amount of the attorney’s fees, however, is within the sound discretion of the trial court.”) (internal citation omitted); Graham v. Henegar, 640 F.2d 732, 736 n. 8 (5th Cir. Unit A Mar.1981) ("[A]n award of attorney’s fees to a prevailing plaintiff in an FLSA suit is mandatory.”); Wright v. Carrigg, 275 F.2d 448, 449 (4th Cir.1960) ("With respect to the counsel fee [pursuant to § 216(b)], the court had no discretion to deny it; the law’s requirement of an award is mandatory and unconditional.”); Murray v. Playmaker Servs., LLC, 548 F.Supp.2d 1378, 1381 (S.D.Fla.2008) (Ryskamp, J.) (providing that the FLSA “directs district courts to award reasonable attorney's fees and costs to a plaintiff, in addition to any judgment received”) (emphasis added).

. See also Zuleta v. Prof'l Team Paint, Inc., M.D. Fla.2009, 2009 WL 4855577, at *2 n. 2 (No. 6:08-cv-1950-Orl-31 DAB, Dec. 10, 2009) (citing Sahyers and providing that no fee may be a reasonable fee under the FLSA); Mora v. Cemex, Inc., M.D. Fla.2009, 2009 WL 3231466, at *3 (No. 6:08-CV-954-ORL-19DAB, Sept. 29, 2009) (same); Kerpan v. Biscuits Cafe, Inc., D. Or.2009, 2009 WL 1813147, at *7 (No. 08-CV-811-ST, June 23, 2009) (citing Sahyers, recognizing that “the district court denied a request for attorney fees to a paralegal ... because her attorney gave his fellow lawyers no notice by telephone, email, or letter of her claim and made no effort to resolve the dispute before filing suit,” and declining to apply Sahyers because it did not involve lawyers as parties); Varela v. Innovative Wiring Solutions, LLC, M.D. Fla. 2009, 2009 WL 1795044, at *5 (No. 6:07-cv-165-Orl-28KRS, June 22, 2009) (citing Sahyers and providing that no fee may be a reasonable fee under the FLSA); Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc., M.D. Fla.2009, 2009 WL 1607809, at *12 (No. 6:08-cv-926-Orl-31KRS, June 9, 2009) (same).