[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11644
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-01106-HES-JRK



WAIL M. ABDELGALEL,

                                                              Plaintiff-Appellant,


                              versus


UNITED STATES ATTORNEY GENERAL,
SECRETARY FOR THE DEPARTMENT OF HOMELAND SECURITY,
ROSEMARY MELVILLE,
JONATHAN SCHARFEN,

                                                              Defendants-Appellees.



_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 18, 2011)

Before CARNES, HULL and BLACK, Circuit Judges.

PER CURIAM:

Appellant Wail M. Abdelgalel appeals the district court's order striking his post-judgment application for attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  After review, we affirm.

## I.  BACKGROUND FACTS

### A.  Complaint and Request for EAJA Fees

In 2005, Abdelgalel filed an application for naturalization with the United States Citizenship and Immigration Services ("USCIS").  After his application had not been adjudicated for three years, Abdelgalel brought this mandamus action seeking an order requiring the USCIS to adjudicate his naturalization application and pay attorneys fees under the EAJA.

Abdelgalel originally filed this mandamus action in the Southern District of Alabama.  Abdelgalel's attorney, Robert Ratliff, is admitted to practice law in Alabama and is a member of the Southern District of Alabama's bar.  Abdelgalel, however, later moved to Jacksonville, Florida, and eventually this mandamus action was transferred to the Middle District of Florida.  Ratliff, Abdelgalel's attorney, is not admitted to practice in Florida and is not a member of the Middle District of Florida's bar.

Ultimately, the district court in Florida granted the writ of mandamus, remanded the case to the USCIS to adjudicate the naturalization application within ninety days and stayed Abdelgalel's attorneys fee request. After the USCIS timely approved Abdelgalel's naturalization application, Abedelgalel renewed his request for attorneys fees. In a December 14, 2009 order, the district court denied the motion, concluding that Abdelgalel was not a "prevailing party" within the meaning of the EAJA.

**B.      December 14, 2009 Order Warning Abdelgalel that Pleadings by Ratliff Would Be Stricken**

In its December 14, 2009 order, the district court stated, "Any additional filings by Plaintiff's counsel in this case shall be **STRICKEN** from the record until counsel has been admitted to practice in the Middle District of Florida or until he has filed, and this Court has granted, a motion to appear pro hac vice in the instant matter." (Emphasis added). Ratliff then obtained local counsel, Charles Murray, who entered an appearance and signed and filed a notice of appeal of the district court's December 14, 2009 order.

**C.      First Appeal and Post-Remand Pleadings Signed by Ratliff**

In his first appeal to this Court, Abdelgalel argued that he was a "prevailing party" under the EAJA. This Court agreed and remanded for the district court to

address whether Abdelgalel had met the other requirements for an award of attorneys fees under the EAJA.  <u>Abdelgalel v. Holder</u>, 398 F. App'x 472 (11th Cir. 2010).

On remand, Abdelgalel filed his application for the award of attorneys fees and costs totaling $23,199.23.  Abdelgalel's application requested fees only for the work of Alabama attorney Ratliff and two paralegals.  Abdelgalel's application did not request any fees for local Florida counsel Murray.  Both Ratliff and Murray signed Abdelgalel's fee application.

The government then filed a brief in opposition to any award of attorney's fees.  Abdelgalel then filed a motion, pursuant to Local Rule 3.01(c), requesting leave to file a reply brief.  Both Ratliff and Murray signed this motion.[1]

The district court denied Abedelgalel's motion for leave to file a reply brief because it did not certify that he had conferred with opposing counsel, as required by Local Rule 3.01(g).  The district court gave Abdelgalel fourteen days to refile a compliant motion for leave, which Abedelgalel did.  Both Ratliff and Murray signed this new motion for leave.

**D.    Show Cause Order**

---

[1]Local Rule 3.01(c) prohibits parties from filing a reply brief without first obtaining leave from the district court.  Local R. 3.01(c).

On December 2, 2010, the district court denied Abdelgalel's motion to file a reply brief. In this same order, the district court gave Abdelgalel fourteen days to show cause why his motion for attorneys fees should not be stricken from the record "for his counsel's failure to obtain admittance to practice in the Middle District of Florida or file a motion to appear *pro hac vice* in this matter."

Local counsel Murray signed Abdelgalel's response to the show cause order. Abdelgalel's response explained that all post-appeal pleadings were supposed to be filed by Murray, who was admitted to practice in the Middle District of Florida. Although Ratliff was not admitted to practice in the Middle District Court in Florida, Ratliff's name remained on the fee application because "the fees sought were attributable almost exclusively to [him]." By mistake, a paralegal shared by Ratliff and Murray electronically transmitted Abdelgalel's fee application under the ECF identifier for Ratliff. Abdelgalel argued that although the paralegal made this "administrative error in transmission," Murray signed the fee application, indicating that he was "the attorney for the Plaintiff and that indication should control." Ratliff did not seek admission pro hac vice. Abdelgalel also did not attempt, or offer, to submit an amended fee application signed by only Murray.

### E.    Order Striking Fee Application

In a December 15, 2010 order, the district court struck Abdelgalel's application for attorneys fees "without prejudice to a similar motion restricted to those fees incurred by Plaintiff's counsel on appeal, Charles A. Murray, if appropriate." The district court acknowledged Abdelgalel's argument that Alabama attorney Ratliff's "signature appears on the motion because the fees sought are attributable almost exclusively to him and the use of his electronic transmittal identifier was merely 'an administrative glitch.'" However, the district court found that this explanation was not sufficient to show cause, concluding "[e]ven so, it is unclear how this explains Mr. Ratliff's prior or continued appearance in this District without proper admittance." Abdelgalel did not file a separate application for Murray's attorneys fees and instead filed this appeal.

## II. DISCUSSION

### A. Appellate Jurisdiction

The government argues that we lack jurisdiction to entertain Abdelgalel's appeal because the district court's December 15, 2010 order, striking Abdelgalel's attorneys fee application, is not a final, appealable order.

Generally, our jurisdiction is limited to appeals from final judgments of the district court. 28 U.S.C. § 1291; see also Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 823, 828 (11th Cir. 2010). Whether we have jurisdiction "hinges

on the nature of the order," and "we take a functional approach, looking not to the form of the district court's order but to its actual effect." Thomas, 594 F.3d at 828-29 (quotation marks omitted). Where, as here, the order on appeal was issued in post-judgment proceedings, the order "is final for purposes of section 1291 only if the order disposes of all issues raised in the motion." Id. at 829; see also Delaney's Inc. v. Illinois Union Ins. Co., 894 F.2d 1300, 1304 (11th Cir. 1990) (explaining that "[i]f a post-judgment order is apparently the last order to be entered in the action, it is final and appealable").

Here, the district court's order struck Abdelgalel's fee application with prejudice with respect to Ratliff's attorneys fees. Thus, the district court's order had the effect of denying those attorneys fees and disposing of all issues raised in Abdelgalel's attorneys fee application. Although the district court gave Abdelgalel leave to file a new fee application with respect to Murray's fees (which Abdelgalel had not yet sought), Abdelgalel chose not to do so. Instead, Abdelgalel filed a notice of appeal, thus rendering the district court's December 15, 2010 order final. Cf. Briehler v. City of Miami, 926 F.2d 1001, 1002 (11th Cir. 1991) (explaining that an order dismissing a complaint with leave to amend is final when the plaintiff instead elects to file a notice of appeal). Accordingly, appellate jurisdiction exists to review the district court's December 15, 2010 order

7

striking Abdelgalel's application for attorneys fees.

## B.    District Court's December 15, 2010 Order

On appeal, Abdelgalel argues that the district court abused its discretion when it struck his application for attorneys fees with prejudice as to Ratliff.[2]

The Middle District of Florida prohibits an attorney from appearing before it unless the attorney is either a member of The Florida Bar who has been generally admitted to practice before the Middle District of Florida, pursuant to Local Rule 2.01, or is a member in good standing of the bar of a district court outside Florida and has been specially admitted to practice before it, pursuant to Local Rule 2.02.[3]  When "appearing as counsel by filing any paper or pleading," a specially admitted attorney must also file a "written designation and consent-to-act on the part of some member of the bar of [the Middle District of Florida], upon

---

[2]We review a district court's decision to strike a pleading for abuse of discretion.  Young v. City of Palm Bay, 358 F.3d 859, 863 (11th Cir. 2004).  Similarly, "[w]e review the issuance of sanctions and the denial of a request for attorney's fees and costs for abuse of discretion." Sahyers v. Prugh, Holliday & Karatinos, P.L., 560 F.3d 1241, 1244 (11th Cir. 2009).  A district court does not abuse its discretion when it has "a range of choices and the court's choice does not constitute a clear error of judgment." Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001) (quotation marks omitted).

[3]The district courts' authority to promulgate rules governing who may conduct cases before them is conferred by statute.  See 28 U.S.C. § 1654.  In addition, Federal Rule of Civil Procedure 83 permits a district court to adopt local rules "governing its practice" that are consistent with federal law and the Civil Rules.  Fed. R. Civ. P. 83(a).  A district judge "may regulate practice in any manner consistent with" federal law, the Civil Rules and the district's local rules.  Fed. R. Civ. P. 83(b).

whom all notices and papers may be served and who will be responsible for the progress of the case, including the trial in default of the non-resident attorney." Id. We afford "great deference to a district court's interpretation of its local rules" and will not "second guess" the district court on such grounds. Clark v. Hous. Auth. of City of Alma, 971 F.2d 723, 727-28 (11th Cir. 1992).

In addition, the "federal courts are accorded certain inherent powers" used "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Sahyers v. Prugh, Holliday & Karatinos, P.L., 560 F.3d 1241, 1244 (11th Cir. 2009) (quotation marks omitted). "A federal court may wield its inherent power over the lawyers who practice before it." Id.; see also Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991) (stating that the scope of a court's inherent power includes "the power to control admission to its bar and to discipline attorneys who appear before it"). Similarly, the district court's power to strike a pleading, like the power to dismiss a claim or action, "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).

Here, the district court struck Abdelgalel's attorneys fee application for Ratliff's fees with prejudice because: (1) in violation of the district court's order

9

and Local Rules 2.01 and 2.02, Ratliff, an Alabama attorney, continued to sign pleadings, as attorney of record, filed in the Middle District Court in Florida; and (2) Ratliff was not generally or specially admitted to practice in the Middle District of Florida. By signing pleadings as attorney of record, Ratliff was appearing before the district court in Florida without being properly admitted to practice there.

In its December 14, 2009 order, the district court gave Ratliff and his client notice that any further such pleadings would be stricken from the record. Ratliff appears to have understood the district court's warning because the next pleading filed, Abdelgalel's notice of appeal, was signed by only Murray, the local counsel retained specifically to address the district court's concern. Nonetheless, upon remand from this Court, Ratliff reverted to his former practice of signing the pleadings filed in the district court in Florida. Specifically, Abdelgalel's application for his attorneys fees and his motion to file a reply brief bore both Ratliff's and Murray's signatures as attorneys of record.

Moreover, when the district court alerted Abdelgalel to this fact in its December 2, 2010 show cause order, Abdelgalel did not seek to amend his fee application to correct the defect as to Ratliff's fees. Abdelgalel also did not ask for more time to permit Alabama counsel Ratliff to obtain special admission in the

10

Middle District of Florida, or even explain why Ratliff had failed to seek such admission, before signing the pleadings. Instead, Abdelgalel argued essentially that Alabama counsel Ratliff did not need to seek special admission to sign the pleadings filed in the Middle District Court in Florida because local counsel Murray also signed and then electronically transmitted the pleadings to the district court. However, a non-resident attorney may not obtain special admission without designating local counsel to act in the event of the non-resident attorney's default. See Local Rule 2.02(a). Thus, the mere fact that Abdelgalel had local counsel did not permit Ratliff to sign pleadings filed in the district court without being specially admitted. Given Ratliff's protracted failure to seek special admission to the Middle District bar, the district court was within its discretion in concluding that Abdelgalel's response was insufficient and that striking the fee application with prejudice as to Alabama counsel Ratliff was warranted under the circumstances.[4]

---

[4]Contrary to Abdelgalel's contention, the district court did not labor under a mistake of fact. The district court understood that both Ratliff and Murray represented Abdelgalel, that both attorneys signed the pleadings as attorneys of record and that the paralegal's use of Ratliff's ECF identifier to electronically transmit the attorneys fee application was a mistake. The district court concluded that these facts did not show sufficient cause. As the district court explained, the conduct that violated the district court's order and the Local Rules was not the paralegal's use of Ratliff's ECF identifier to electronically transmit the pleadings, but Ratliff's continued appearance in the district court, evidenced by his signing the pleadings, without first being admitted.

Abdelgalel argues that the district court's sanction was barred by the EAJA, which makes the award of attorneys fees mandatory if the statutory criteria are met. See 28 U.S.C. § 2412(d) (providing that the "court shall award to the prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust" (emphasis added)). However, "at least in the absence of very clear words from Congress, we do not presume that a statute supersedes the customary powers of a court to govern the practice of lawyers in litigation before it." Sahyers, 560 F.3d at 1245 n.6 (11th Cir. 2009); see also Chambers, 501 U.S. at 47, 111 S. Ct. at 2134 (stating that "we do not lightly assume that Congress has intended to depart from established principles such as the scope of the court's inherent power" (quotation marks omitted)). Nothing in the language of the EAJA suggests that Congress intended to abrogate the district court's traditional inherent powers to enforce its local rules and court orders, to control admission to its bar and to discipline attorneys who appear before it.

In addition, Abdelgalel argues that, because attorneys fees awarded under the EAJA are payable to the litigant, see Astrue v. Ratliff, 560 U.S. ___, 130 S. Ct. 2521, 2526-27 (2010), the district court's sanction unfairly punishes Abdelgalel

for his Alabama attorney's actions in Florida.  We do not think this fact renders the denial of EAJA attorneys fees unjust in this case.  Although the district court awards the EAJA fees to the litigants, their attorneys are "the real parties in interest."  Gisbrech v. Barnhart, 535 U.S. 789, 798 n.6, 122 S. Ct. 1817, 1823 n.6 (2002).  Furthermore, as the Supreme Court concluded in the context of an involuntary dismissal, a district court does not abuse its discretion by holding a plaintiff accountable for his retained attorney's conduct.  See, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 633, 82 S. Ct. 1386, 1390 (1962) (involving counsel's failure to attend a scheduled pretrial conference, which resulted in dismissal of the action for failure to prosecute).  Abdelgalel "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the act or omissions of this freely selected agent." See id. at 633-34, 82 S. Ct. at 1390.

Given the district court's power to oversee its bar, the deference we afford a district court's interpretation of its local rules, and the particular circumstances of this case, we cannot say the district court abused its discretion in striking Abdelgalel's fee application with prejudice as to Ratliff's attorneys fees.

**AFFIRMED.**

13