# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2094
_____

Trista Jones

*Plaintiff - Appellant*

v.

RK Enterprises of Blytheville, Inc.; Jahid Rahman; Mahmuda Rahman

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro
_____

Submitted: January 26, 2016
Filed: January 29, 2016
[Unpublished]
_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.
_____

PER CURIAM.

After partially prevailing in an action under the Fair Labor Standards Act (FLSA), Trista Jones appeals from an order of the district court granting a reduced award of attorney's fees.

Following a one-day bench trial, the district court granted judgment in favor of Jones on her FLSA claim against defendants. Jones then sought attorney's fees of $43,355 and costs of $1,581.92, supporting her request with counsel's statement of services and his declaration. See 29 U.S.C. § 216(b) (requiring award of "a reasonable attorney's fee" to plaintiff entitled to judgment on FLSA claim). The district court entered an order awarding attorney's fees of $4,500 and costs of $1,581.92, without any explanation as to how the court arrived at the $4,500 figure.

For the following reasons, we conclude that the district court abused its discretion in its award of attorney's fees. See Quigley v. Winter, 598 F.3d 938, 956 (8th Cir. 2010) (standard of review). To determine a reasonable attorney's fee, the district court was required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations. See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Quigley, 598 F.3d at 956-57; see also Saizan v. Delta Concrete Prod. Co., Inc., 448 F.3d 795, 799-803 (5th Cir. 2006) (lodestar method is used to calculate appropriate attorney's fee award under FLSA). Here, the district court did not explain how it determined the lodestar, or its reasons for reducing the award from its calculated lodestar. See Hensley, 461 U.S. at 437 (although district court has discretion in determining amount of fee award, it remains important for it to provide concise but clear explanation of its reasons for award); Quigley, 598 F.3d at 957-58 (district court abused its discretion in significantly reducing requested attorney's fee amount when it failed to conduct proper lodestar analysis, and based its decision on unsupported considerations).

Accordingly, we vacate the attorney's fee award and remand the matter to the district court, with directions to determine an attorney's fee award in accordance with the lodestar approach and Hensley.

_____