# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1566

_____

Affordable Communities of Missouri

*Plaintiff - Appellant*

v.

Federal National Mortgage Association, a federally chartered corporation

*Defendant - Appellee*

EF&A Capital Corporation; EF&A Funding LLC

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 14, 2016
Filed: February 24, 2016

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Affordable Communities of Missouri (Affordable) alleges that Federal National Mortgage Association (Fannie Mae) breached its contract by penalizing Affordable for prepaying its loan after it was forced to sell its Jefferson Arms Apartments

(Jefferson Arms) property to avoid condemnation. The district court[1] held a bench trial and found that Fannie Mae was not liable because Affordable had not sold the Jefferson Arms property to avoid condemnation. The court alternatively concluded that Affordable's claim failed because it had voluntarily paid Fannie Mae. Affordable appeals, and we affirm.

I.

This case is before our court for the second time. In the previous appeal, we affirmed the district court's dismissal of all of Affordable's claims against Fannie Mae except for breach of contract. See Affordable Communities of Mo. v. Fed. Nat'l Mortgage Ass'n, et al., 714 F.3d 1069 (8th Cir. 2013). In its surviving claim, Affordable alleged that Fannie Mae had erroneously required it to pay a defeasance penalty when it sold Jefferson Arms to avoid condemnation, for under the parties' loan contract Affordable was exempt from paying such a penalty. We determined that the contract was "ambiguous as to whether [the] 'condemnation award' [clause] includes a sale in lieu of condemnation," and we remanded for "further proceedings consistent with [our] opinion." Id. at 1076–77.

On remand the district court held a bench trial. According to the evidence presented at trial Affordable purchased Jefferson Arms, a senior independent living center in St. Louis, and its adjoining parking garage in 1993. Affordable also owned St. Louis Centre, another property in St. Louis. In April 1999, Affordable acquired refinancing for its secured debt on Jefferson Arms from Eichler, Fayne, and Associates (EFA), which operates exclusively under Fannie Mae's underwriting program. Affordable's loan contract includes a defeasance provision which imposes a penalty on it if it were to prepay the loan. The provision states that the penalty does

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

not apply in the case of "a prepayment occurring as the result of . . . [a] condemnation award under the Security Instrument." Rather, in that event, any proceeds from the sale are to be transferred to Fannie Mae to satisfy the remaining loan debt and Affordable would not be liable for any additional fees. After signing the loan, EFA sold and assigned it to Fannie Mae.

In 2005 Affordable decided to sell St. Louis Centre and Jefferson Arms to another developer, Pyramid Construction, Inc. (Pyramid). The sale agreement stated that Jefferson Arms was being sold in lieu of threatened condemnation. Under the agreement, Pyramid was required to obtain "a letter addressed to [Affordable] from the City of St. Louis, Missouri . . . confirming the threat of condemnation." On November 4, 2005 Pyramid acquired a letter from the executive director of development for the city, Barbara Geisman. Her letter states that the city is "concerned about the future of [Jefferson Arms]," it specifies that the garage is in "a serious state of disrepair," and warns that if Cohen fails to make improvements to the property, "the City will seek to pass legislation authorizing the use of eminent domain in order for a responsible developer to acquire the property and improve it, and, if such responsible developer does not voluntarily acquire the property, seek to acquire the property by condemnation and eminent domain." Cohen admitted that he required Pyramid to obtain this letter so that he could take advantage of tax laws which apply to property that has been involuntarily converted. See 26 U.S.C. § 1033.

Affordable then wrote to EFA to inform it of the sale and seek a release of its lien on the property. In July 2006 Affordable completed the defeasance process, obtained a release of the lien on Jefferson Arms, and sold Jefferson Arms and St. Louis Centre to Pyramid. Affordable paid Fannie Mae the outstanding loan balance and a defeasance penalty of approximately $500,000. Cohen claimed that one year later his accountant informed him that under the condemnation clause exception in the contract, he was not required to pay the defeasance penalty.

-3-

Several witnesses testified at trial, including Cohen, Pyramid owner John Steffen, Pyramid's director of commercial development Timothy O'Leary, and city executive Geisman. The district court found the testimony of Cohen and Steffen not to be credible. Cohen was vague and often changed his answers. The court found Steffen potentially biased because Cohen had recently released him voluntarily from a $1.3 million consent judgment, and the two were contemplating working together. While the court adopted Affordable's contract interpretation and assumed that the term "condemnation award" included a sale in lieu of condemnation, it found that Fannie Mae was not liable for breach of contract. That was because there had been no actual threat of condemnation against Jefferson Arms, and Cohen could not have reasonably believed that the city was threatening condemnation. The district court alternatively concluded that Fannie Mae was protected from liability by the voluntary payment doctrine. Affordable appeals.

II.

In reviewing a judgment after a bench trial, we review the district court's factual findings and credibility determinations for clear error, and its legal conclusions de novo. Fed. R. Civ. P. 52(a)(6); Outdoor Cent., Inc. v. GreatLodge.com, Inc., 688 F.3d 938, 941 (8th Cir. 2012). We will overturn a finding of fact only if it is not supported by substantial evidence, it is based on an erroneous view of the law, or we are left with a definite and firm conviction that an error has been made. Sawheny v. Pioneer Hi–Bred Intern., Inc., 93 F.3d 1401, 1407–08 (8th Cir. 1996).

A.

The district court's factual findings and credibility determinations were not clearly erroneous because they were not so "implausible . . . that a reasonable factfinder would not credit [them]." Cf. In re LeMaire, 898 F.2d 1346, 1351 (8th Cir.

1990) (en banc) (internal quotation marks omitted). The court's determination that Jefferson Arms was not sold in lieu of condemnation was based primarily on the testimony of Pyramid's director of commercial development, Timothy O'Leary. The court credited O'Leary's testimony over that of Cohen and Steffen. O'Leary testified that Cohen had first raised the issue of selling Jefferson Arms to Pyramid before any threat of condemnation was communicated from the city. Although Pyramid was initially interested in purchasing the St. Louis Centre property, O'Leary reported that Cohen only agreed to sell St. Louis Centre if Pyramid were also to purchase Jefferson Arms. According to O'Leary, Cohen required Pyramid to acquire a "threat of condemnation" letter from the city in order to gain favorable tax treatment. Affordable credits its own witness testimony more than that of Fannie Mae, but O'Leary's testimony was not implausible and did not contradict the documentary evidence. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985). We conclude that substantial evidence supports the district court's findings that the city's letter did not cause Cohen to sell Jefferson Arms because he had already intended to sell the property before receiving it.

Moreover, the district court's findings were not based on an erroneous view of the law. See Sawheny, 93 F.3d at 1407–08. Affordable does claim that the district court erred in determining whether Jefferson Arms was sold in lieu of condemnation because it applied the incorrect legal standard. Affordable argues that the court should have determined whether Cohen had a reasonable subjective belief that the city was going to condemn his property. Fannie Mae points out that the tax court has been willing to find a threat of condemnation in § 1033 cases if a taxpayer had an objectively reasonable belief, given the "surrounding circumstances," that his property would likely be condemned if he did not sell it. See Tecumseh Corrugated Box Co. v. Comm'r Internal Revenue, 94 T.C. 360, 376 (1990), aff'd, 932 F.2d 526 (6th Cir. 1991); Maixner v. Comm'r Internal Revenue, 33 T.C. 191, 195 (1959). In this case the district court determined that Cohen's belief was "not reasonable (or did not even exist)" because Cohen was not credible and the sequence of events leading

-5-

to the sale of Jefferson Arms suggests that he did not actually fear condemnation and had requested the city letter merely in order to gain a tax advantage. We conclude that the district court's findings were not based on an erroneous view of the law.

B.

Affordable also claims that the district court erred when applying the voluntary payment doctrine. The doctrine provides that "a person who voluntarily pays money with full knowledge of all the facts in the case, and in the absence of fraud and duress, cannot recover it back, though the payment is made without a sufficient consideration, and under protest." Huch v. Charter Commc'ns, Inc., 290 S.W.3d 721, 726 (Mo. 2009) (internal quotation marks omitted). Affordable contends that it did not have full knowledge of all the relevant facts before paying the defeasance penalty because it did not realize that there was a condemnation award exception until one year after making the payment.

The district court properly determined that the voluntary payment doctrine precludes Affordable from recovering on its breach of contract claim. Affordable had full knowledge of all the relevant facts. Cohen signed the contract and had access to all of the loan documents, had thirty years of experience with large real estate investments, and was represented throughout the prepayment transaction by an attorney who reviewed the loan documents. Moreover, Affordable failed to present any evidence of fraud or duress. We conclude that the district court did not err in determining that the voluntary payment doctrine prevents Affordable from recovering on its breach of contract claim.

For these reasons the judgment of the district court is affirmed.

_____

-6-