# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2255

_____

Paulette Barbee, Administrator of the Estate of Kimberly Hope Gillock

*Plaintiff - Appellant*

v.

Big River Steel, LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro Division

_____

Submitted: April 19, 2019
Filed: June 20, 2019

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Paulette Barbee, Administrator of the Estate of Kimberly Hope Gillock (formerly known as Kim Pierce), appeals the district court's order modifying the attorney fees in the parties' settlement agreement. Because the district court lacked authority to review the settled attorney fees, we vacate that portion of its judgment.

# I. Background

Kim Pierce filed a proposed class action against Big River Steel, LLC ("Big River Steel") for unpaid overtime wages. She asserted claims under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and the Arkansas Minimum Wage Act, Ark. Code Ann. §§ 11-4-201 to -222.

Pierce and Big River Steel reached a settlement and filed a joint status report notifying the court they had settled and would soon file a voluntary dismissal. The court ordered the parties to submit the settlement for approval, including the proposed agreement and any attorney billing records. The parties complied.

After reviewing the parties' settlement agreement, the district court disapproved of both the settlement of the wage claims and the settled amount of attorney fees for independent reasons. Pierce passed away shortly thereafter, and the court stayed the case until it could substitute her estate for her as a party.

Barbee, as the estate's administrator, and Big River Steel submitted a new agreement addressing only the district court's concerns on the wage settlement. The district court then approved of the new wage settlement, again disapproved of the amount of attorney fees, and entered a judgment with the full wage settlement amount and a reduced attorney fee amount. Barbee appeals, and Big River Steel does not contest the appeal.

# II. Analysis

Barbee argues on appeal that any required review of the settlement agreement did not extend to settled attorney fees. We recently addressed the standard of review for settled attorney fees under the assumption that district courts have authority to review them. *See Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). Barbee

asks a question we left open in *Melgar*: whether the authority to review FLSA settlements, or at least review settled attorney fees, exists at all.

There is a circuit split on whether to extend older Supreme Court cases so as to require judicial approval of *all* FLSA settlements. A pair of cases from the 1940s require judicial approval for some releases of FLSA claims, but those cases left open the question of whether the FLSA requires judicial approval to settle bona fide disputes over hours worked or wages owed. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 114 & n.10 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703–04, 714 (1945). The Fifth Circuit would not extend *Gangi* and *O'Neil* to require judicial approval of all FLSA settlements, but the Second and Eleventh Circuits disagree. *Compare Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (enforcing a settlement of bona fide FLSA disputes over hours worked or wages owed without judicial or Department of Labor approval), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding parties cannot settle FLSA claims without approval from the district court or the Department of Labor), *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982) (same). *See also Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 618–31 (W.D. Tex. 2005) (extensively reviewing the history behind this statutory interpretation dispute).

We have never taken a side on this issue. We have noted the Eleventh Circuit's opinion, *see Beauford v. ActionLink, LLC*, 781 F.3d 396, 405–06 (8th Cir. 2015); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008), but we have never had occasion to interpret whether 29 U.S.C. § 216 requires judicial approval of all FLSA settlements.

Because we agree with Barbee that any authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees, we need not decide our view on the circuit split today. This is a question of law, and we

review the issue de novo. *Melgar*, 902 F.3d at 778. The statute speaks of allowing fees "in addition to any judgment awarded," treating the merits of an FLSA claim and the attorney fees as distinct. *See* 29 U.S.C. § 216(b). As a result, any court judgment on the settled merits would necessarily be separate from any court review of the settled attorney fees. This reading of the statute is consistent with the rationale of the circuits that require approval for all FLSA settlements because such approval serves the "FLSA's underlying purpose" of protecting workers' rights. *Cheeks*, 796 F.3d at 206. When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. *See Bench v. Cheyenne Logistics, LLC*, No. 4:14CV1327, 2016 WL 2997591, at *3 (E.D. Mo. May 25, 2016) ("The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." (quoting *King v. Raineri Constr., LLC*, No. 4:14CV1828, 2015 WL 631253, at *4 (E.D. Mo. Feb. 12, 2015))). Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.

Since we conclude 29 U.S.C. § 216 does not require approval of settled attorney fees, the district court erred below. "In ordinary litigation, that is, lawsuits between private parties, courts recognize that settlement of the dispute is solely in the hands of the parties." *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). When all parties to a case sign a dismissal, that dismissal is effective unless federal law provides otherwise. Fed. R. Civ. P. 41(a)(1)(A)(ii). This right to dismissal is an "unconditional right." *Gardiner*, 747 F.2d at 1190. We also value this right in the attorney fee context because it prevents unnecessary litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). Here, the district court agreed the parties' proposed wage settlement satisfied Barbee's claims. Regardless of whether that assertion of

-4-

authority was proper, the district court's authority did not extend beyond concluding the merits settlement was satisfactory. The parties were entitled to settle the attorney fee issue, and no law gave the district court authority to interfere with that unconditional right.[1]

Accordingly, we vacate the portion of the district court's judgment below that addressed settled attorney fees. We decline Barbee's request to remand for entry of judgment on the full fee amount because the district court lacks authority under Fed. R. Civ. P. 41 to take any action on the settled attorney fees.

———————————————

[1]We note that if FLSA settlements are subject to judicial review, the court would retain the authority to ensure the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client.