# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2984
_____

Sahara Burton, individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

Nilkanth Pizza Inc.; Jenny Patel

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 23, 2021
Filed: December 15, 2021

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Sanford Law Firm (SLF) represents Sahara Burton in this collective action against a former employer, Nilkanth Pizza, Inc. (and supervisor Jenny Patel). Burton accepted the employer's offer of judgment. She moved for $8,948.50 in attorney's fees and $400 in costs for SLF. The district court awarded $2,952.50 in fees and the requested costs. Burton appeals and requests reassignment of the case on remand.

Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part, reverses in part, and declines to reassign the case.

## I.

Sahara Burton worked as a delivery driver for the employer's pizza store. She alleged that the employer did not pay the wages required by the Fair Labor Standards Act (FLSA) and Arkansas Minimum Wage Act.

Burton filed a motion for partial summary judgment, refiling it twice more after the employer changed counsel. The employer made an offer of judgment for $5,000 plus costs and a reasonable attorney's fee. Burton requested $8,948.50 in fees and $400 in costs. The district court excluded the managing partner's hours, reduced hourly rates for the managing partner and the litigating attorney, and excluded time for some motions, oppositions to motions, and research— awarding $2,952.50 plus the requested costs.

This court reviews a district court's award of attorney's fees for abuse of discretion. *Quigley v. Winter*, 598 F.3d 938, 956 (8th Cir. 2010). Abuse of discretion in awarding attorney's fees occurs "when there is a lack of factual support" for the district court's decision, or "it fails to follow applicable law." *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 969 (8th Cir. 2002) (en banc).

## II.

The district court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." **29 U.S.C. § 216 (b)**. *See* **Ark. Code Ann. § 11-4-218**. To determine reasonable attorney's fees, the court must first calculate the lodestar by "multipl[ying] the number of hours worked by the prevailing hourly rate." *Vines v. Welspun Pipes Inc*., 9 F.4th 849, 855 (8th Cir. 2021). The court "has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar." *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172

(8th Cir. 2019).  The court also "may rely on reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time," but "should exclude 'hours that were not reasonably expended' from its calculations."  *Id.*, *quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  At the second step, the court may reduce the lodestar if a plaintiff does not obtain all relief sought.  *Id.*, *citing Hensley*, 461 U.S. at 435-36.  In reducing the lodestar, the "court also may consider other factors identified in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717–719 [(5th Cir. 1974)]."  *Vines*, 9 F.4th at 855, *quoting Hensley*, 461 U.S. at 434 n.9.  In sum, the court should calculate the reasonable hourly rate and the reasonable number of hours worked, use these two variables to calculate the lodestar, and, as appropriate, adjust the lodestar to reach the final award.

Burton asserts the hourly rates set by the district court here were "arbitrary" because it and other district courts have previously awarded higher rates for this managing partner and this litigating attorney.  To the contrary, the district court's rates did not lack factual support or deviate from the law.  The district court properly applied its familiarity with the local bar to calculate reasonable rates.  *See Childress*, 932 F.3d at 1172.  SLF sought rates of $275 per hour for the managing partner, $225 for the litigating attorney, $75 for law clerks, and $60 for staff.  The court instead set rates of $250 for the managing partner, $175 for the litigating attorney, $25 for the law clerks, and zero for staff.  The court cited six recent decisions establishing rates for SLF, including two cases that awarded the same rates for this partner and this attorney.  *See Wolfe v. Arafa*, No. 5:17-CV-00245 (E.D. Ark. Aug. 8, 2019) (ECF 88), and *Bryan v. Mississippi County*, No. 3:18-CV-00130 (E.D. Ark. May 12, 2020) (ECF 68).  The district court did not abuse its discretion in setting these rates.

The court also did not abuse its discretion by excluding the managing partner's hours.  Arkansas district courts have chastised SLF, and this managing partner in particular, for overbilling on straightforward FLSA cases:

> Over the years, courts across Arkansas considering billing records submitted by the Sanford Law Firm have held the number of hours reasonably expended in a case to be fewer than those claimed by the firm. These opinions highlight habits such as over-staffing cases, micro-managing associates, billing attorneys' rates for administrative tasks, and failing to self-audit records that are submitted to the court for reimbursement, all of which tend to inflate the time spent by attorneys beyond what the firm could reasonably bill a paying client.

*Hill-Smith v. Silver Dollar Cabaret, Inc.*, 2020 WL 4741917, at *2 (W.D. Ark. Aug. 14, 2020) (Timothy L. Brooks, J.). *See also, e.g.*, *id.* (collecting cases); *Dean v. Bradford Ests., LLC*, 2020 WL 8642227, at *3 (E.D. Ark. Nov. 24, 2020) (Brian S. Miller, J.) ("The billing records submitted by SLF also indicate that [the managing partner] unnecessarily managed numerous aspects of this case. . . . [A] senior partner spending 14.3 hours on a straightforward FLSA case is excessive."); *Bonds v. Langston Cos., Inc.*, 2021 WL 4130508, at *4 (E.D. Ark. Sept. 9, 2021) (Lee P. Rudofsky, J.) ("SLF can't pass costs incurred as a result of overstaffing on to [the defendant].").

Here, the district court determined that the managing partner's 6.2 hours were unwarranted because his oversight was unnecessary and unreasonable in light of the litigating attorney's ability to handle the case. The court noted that the managing partner's own declaration averred that "[the litigating attorney] has been practicing nine years, . . 'his practice includes particular emphasis in employment law issues, especially the FLSA[, and the litigating attorney] has litigated numerous FLSA cases through settlement or trial.'" The district court's decision did not lack factual support or deviate from the law. *See Martin*, 299 F.3d at 969. While Burton correctly notes that most courts allow at least some hours for the managing partner, the district court did not abuse its discretion here by entirely excluding them.

III.

A.

The district court excluded all hours related to three summary judgment motions. The court summarized them as "a demand for the liability damages based on the discovery Defendants provided," that could have been "[a]n email," and declared the "only reason for filing the motion was to accumulate billable hours."

First, many summary judgment motions serve as a means to seek damages, often relying on evidence from discovery. *See, e.g.*, ***Chao v. Barbeque Ventures, LLC***, 547 F.3d 938 (8th Cir. 2008) (affirming damages award after the district court granted summary judgment for the plaintiff under FLSA). Under Fed. R. Civ. P. 56(c)(1), parties must support factual positions in a motion for summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

Second, Burton had a reason to file the motions apart from billable hours. Despite discussions about settlement, the case had not yet settled. The district court had set a deadline for dispositive motions on March 12, 2020. Burton did not begin work on the Motion for Summary Judgment until March 9, filing it on March 11. She filed her second motion after the district court dismissed the first one without prejudice when the employer changed counsel, and the third one after the district court instructed her to allow new opposing counsel more time to familiarize himself with the case.

Third, excluding hours for a non-frivolous summary judgment motion places counsel in a catch-22 for attorney's fees: risk having hours deducted for spending unnecessary time on that motion, or risk having hours deducted for time at trial that summary judgment could have avoided. Indeed, even without a ruling, a summary judgment motion may encourage settlement. Burton sought summary judgment

because "simple arithmetic" showed the employer underpaid her. The court's conclusion that her "only" reason was billable hours lacks factual support and is an abuse of discretion.

B.

The district court excluded 1.6 hours for two oppositions: to a successful motion for extension of time to file the answer, and to a successful motion to continue the trial. The district court's sole rationale was that Burton "was not successful on either of these issues." Although "success or failure" on a particular matter within a case is "a factor in deciding the reasonableness of the attorney's efforts," this should not be taken "tautologically, to mean that any unsuccessful efforts were perforce unnecessary." *Jenkins by Jenkins v. State of Mo.*, 127 F.3d 709, 718 (8th Cir. 1997) (en banc). Rather, the question is "whether the plaintiff's attorneys would have been expected or obliged to take the position they took." *Id.*

The district court's rationale contradicts *Jenkins*. A plaintiff's attorney would have been expected to oppose the motion for extension of time, as SLF did, to ensure more class members could be identified before the statute of limitations jeopardized their claims. A plaintiff's attorney would have been expected to oppose the motion for continuance, as SLF did, because the plaintiff's motion for summary judgment was pending. The court abused its discretion by excluding these 1.6 hours.

C.

The district court excluded 0.2 hours spent assessing whether to oppose a late motion for a jury trial and researching the relevant rules. The court's entire rationale was: "A seasoned FLSA lawyer should be familiar with the right to a jury trial in an FLSA case." It does not resolve the questions confronting Burton: the timeliness of a request for a jury trial, and whether to oppose it. Because the court provided no relevant factual support, the exclusion of these 0.2 hours was an abuse of discretion.

-6-

IV.

Burton requests that on remand, the case be reassigned to a different district judge. This court reviews this request for plain error if a recusal request was not made in the district court. *Vines*, 9 F.4th at 858. Reassignment is warranted only to avoid "a miscarriage of justice." *Id.*

Disqualification under 28 U.S.C. § 455(a) is required "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Id.* Burton faces "a heavy burden because a judge is presumed to be impartial;" that "burden is made heavier still under plain-error review." *Id.*

As grounds to reassign this case, Burton identifies past rulings by this district judge. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, and judicial remarks… that are critical or disapproving of, or even hostile to a party ordinarily do not support a bias or partiality challenge." *Id.*, *quoting United States v. Thomason*, 991 F.3d 910, 916 (8th Cir. 2021). This court need not appoint a new judge for remand.

\* \* \* \* \* \* \*

The Order for attorney's fees is affirmed in part, reversed in part, the judgment vacated, and the case remanded for further proceedings consistent with this opinion. The request for reassignment is denied.

LOKEN, Circuit Judge, dissenting in part.

I would affirm the district court's Order dated August 24, 2020 granting in part and denying in part Plaintiff's Motion to Approve Attorney Fees. In my view, Part III of the court's opinion is contrary to the Supreme Court's emphatic rule that the district court's "discretion in determining the amount of a fee award . . . . is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual

matters." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983).  I join Parts I, II, and IV of the court's opinion.

_____