# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3537
_____

Anthony Vines, on behalf of himself and all others similarly situated; Dominique Lewis, on behalf of himself and all others similarly situated

*Plaintiffs - Appellants*

v.

Welspun Pipes Inc.; Welspun Tubular LLC; Welspun USA, Inc.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: May 11, 2023
Filed: June 29, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, COLLOTON and BENTON, Circuit Judges.
_____

PER CURIAM.

Anthony Vines and Dominique Lewis brought a class action against the defendant companies (collectively, "Welspun") under the Fair Labor Standards Act

(FLSA) and the Arkansas Minimum Wage Act (AMWA). The district court[1] ultimately approved the wage-claim settlement. Thereafter, Vines and Lewis moved for an award of attorneys' fees and costs. The district court partially granted the motion, awarding $1.00 in fees to the plaintiffs because of the billing practices of their law firm, Sanford Law Firm, PLLC (SLF). Alternatively, the district court noted that it would award $25,000 in fees if $1.00 was improper.

On appeal, we "vacate[d] the award of attorneys' fees" "[b]ecause the record contain[ed] no lodestar calculation." *Vines v. Welspun Pipes Inc. (Vines I)*, 9 F.4th 849, 857 (8th Cir. 2021). In doing so, we expressly "note[d] that '[i]t is well within the district court's broad discretion . . . to consider . . . the party's unprofessional conduct in the case'" "after the district court calculates the lodestar and has moved on to reducing that number." *Id.* (second, third, and fourth alterations in original) (quoting *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012) (contractual fee award)); *see also Skender v. Eden Isle Corp.*, 33 F.4th 515, 522 (8th Cir. 2022) (FLSA case quoting *Wescott*).

On remand, the district court proceeded exactly as we directed: First, it calculated a lodestar of $14,056.50. Second, it reduced the attorneys' fee award to $500.00 "based on SLF's egregious conduct." R. Doc. 103, at 23. The district court detailed a multitude of reasons for the reduction, including SLF's rejection of "a substantial settlement offer," *id.* at 24; an "[u]nearned fee demand[]," *id.* at 25; and "deterrence for [SLF's] unprofessional conduct," *id.* at 29 (internal quotation marks omitted).

Vines and Lewis then moved to amend the judgment under Federal Rule of Civil Procedure 59(e) and for leave to file a supplemental petition for costs and fees.

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

They requested an opportunity to petition for fees related to their successful *Vines I* appeal. The district court denied the motion. It concluded that they were not a prevailing party on appeal "because there has been no definitive ruling on the fees award and *all* [p]laintiffs' other claims for relief were unequivocally rejected by the Eighth Circuit." R. Doc. 112, at 2.

Vines and Lewis once again appeal the attorneys' fee award. This time, they argue that the district court erroneously

> (1) award[ed] a fee amount that was not based in the lodestar calculation; (2) us[ed] the FLSA's statutory fee award as a vehicle for sanctions; (3) fail[ed] to provide [them] with notice and an opportunity to respond prior to entering sanctions; and (4) f[ound] that [they] were not prevailing parties and refus[ed] to award any fees related to the appeal.

Appellants' Br. at 2.

We find no abuse of discretion in the district court's award of $500.00 in attorneys' fees. *See Vines I*, 9 F.4th at 855 (standard of review). The district court complied to the letter with our directive on how to calculate an award of attorneys' fees and provided ample justification for reducing the lodestar based on SLF's unprofessional conduct. *See id.* at 857. "As we've said before, '[t]he trial court knows the case best. It knows what the lawyers have done, and how well they have done it. It knows what these efforts are worth." *Skender*, 33 F.4th at 522 (alteration in original) (quoting *Young v. City of Little Rock*, 249 F.3d 730, 737 (8th Cir. 2001)).

Nor did the district court err in determining that Vines and Lewis are not prevailing parties. *See Yarbrough v. Cuomo*, 209 F.3d 700, 703 (8th Cir. 2000) ("We review for clear error the court's factual findings underlying its determination of prevailing party status, but we consider de novo the legal question whether those facts

-3-

suffice to render the plaintiff a prevailing party."). The FLSA provides that a "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "An additional attorney's fee for services rendered on appeal is permissible under 29 U.S.C. § 216(b)." *Clymore v. Far-Mar-Co, Inc.*, 576 F. Supp. 1161, 1164 (W.D. Mo. 1983) (citing *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1150 (5th Cir. 1970))." But, "[i]n general, if a plaintiff prevails in the district court, but then seeks and fails to obtain greater relief on appeal, he or she 'will be hard pressed to demonstrate an entitlement to . . . attorney's fees on appeal.'" *Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005) (alteration in original) (quoting *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988)).

Vines and Lewis did not obtain the "greater relief on appeal" that they sought in *Vines I. See id.* First, we rejected their argument "that the district court erred in denying the March 2020 motion for approval of settlement." *Vines I*, 9 F.4th at 853. Second, we rejected their request for us to reassign the case to a new district judge on remand. *Id.* at 858. Third, while we did vacate the district court's award of attorneys' fees and remand for further proceedings, we never definitively ruled on the fee-award issue. *See id.* As a result, the district court correctly concluded that Vines and Lewis were not prevailing parties in *Vines I* entitled to an award of appellate attorneys' fees.

Accordingly, we affirm the judgment of the district court.

_____